FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 18 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Meriwether D. (Mike) Williams
WSBA No. 8255
WINSTON & CASHATT, LAWYERS, P.S.
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131
Email: mdw@winstoncashatt.com

Raymond J. Kelly, ISB No. 1437712
Michael D. Wexler, ISB No. 06207847
SEYFARTH SHAW LLP
55 East Monroe St., Suite 4200
Chicago, IL 60603
Telephone: (312) 346-8000
Email: rkelly@seyfarth.com
Email: mwexler@seyfarth.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PITNEY BOWES INC., a Delaware corporation doing business in the State of Washington,<br><br>Plaintiff,<br><br>vs.<br><br>WALTER BUYEA, an individual,<br><br>Defendant. | NO. CV-06-167-LRS<br><br>**STIPULATED PROTECTIVE ORDER** |

I.  **FINDINGS OF FACTS.**

1. Plaintiff, PITNEY BOWES INC. ("Pitney Bowes"), filed its Verified Complaint for Injunctive and Other Relief ("Complaint") on June 7, 2006. The

STIPULATED PROTECTIVE ORDER -- 1

Complaint alleges causes of action for breach of contract and threatened or actual misappropriation of trade secrets.

2. On June 12, 2006, the Court ordered the preservation of relevant evidence and expedited discovery in this action which may involve the production of alleged trade secret, confidential and proprietary business and financial information, the disclosure of which allegedly would cause substantial harm to the business or privacy interests of the Plaintiff, third parties and/or their employees or customers.

3. The Parties seek to preserve the privacy and property interests in any such information, without unduly encroaching on the public's right to be informed of judicial proceedings. The Parties represent that their counsel is familiar with this area of law and that they will act in good faith in designating records pursuant to the provisions of this protective order.

4. Pursuant to Federal Rule of Civil Procedure 26(c), the Parties seek the entry of the following Protective Order (the "Order"), limiting the disclosure of certain information produced or otherwise discovered, and agree to be bound by the restrictions of the Order limiting the use of such information as provided.

II. **PROTECTIVE ORDER.**

1. If a Party believes in good faith that information produced in connection with this action is confidential, proprietary or a trade secret, including

but not limited to the identities of customers, pricing and margin information, sales and marketing strategies, financial information, and business practices, it may designate such information as "Confidential Information."

2. All documents that contain Confidential Information so identified and produced by ~~one of the parties to the other~~ the parties or third-parties ~~obtained~~ prior to the entry of this Order shall be subject to treatment as Confidential Information pursuant to the terms of this Order.

3. Confidential Information shall be protected by designating it as such by one of the following methods:

   a. In the case of produced documents, the producing Party shall stamp "Confidential" or "Confidential – Attorneys' Eyes Only" on every page of any such document. In the case of documents produced in electronic form, the producing Party shall stamp "Confidential" or "Confidential – Attorneys' Eyes Only" on the floppy disk or CD ROM containing Confidential Information and/or stamp "Confidential" on the container for the floppy disk or CD ROM containing Confidential Information. If the Party receiving documents in electronic form designated as Confidential Information wishes to make hard copies of any such document, it shall stamp every page of the hard copy document "Confidential" or "Confidential – Attorneys' Eyes Only." Notwithstanding the prior sentences in this subsection, all documents shall be deemed Confidential Information during the initial inspection of such documents regardless of whether the legend

PROTECTIVE ORDER -- 3

"Confidential" or "Confidential – Attorneys' Eyes Only" appears on them and shall remain so until copies are produced.

      b.   In the case of documents obtained from a non-party pursuant to subpoena in this action, that non-party or any Party desiring to protect Confidential Information shall notify the other Parties of the documents it desires to be treated as Confidential Information within 3 days of receipt of such documents by the Parties and shall identify the basis of its claim of confidentiality. The documents shall be deemed to be Confidential Information until further order of the Court regardless of any disagreement with such designation by the receiving Party. The Party so notifying also shall stamp the documents as indicated above and provide a copy of the stamped documents to the other Parties. The other Parties shall then return the documents originally produced to the producing Party and replace them with the copies designated as Confidential Information. All documents obtained from a non-party pursuant to subpoena in this action shall be deemed to be Confidential Information until the expiration of 3 days following the receipt of such documents by the Parties.

      c.   In the case of interrogatory answers containing Confidential Information, the Party responding shall stamp "Confidential Pursuant to Court Order" on every page of the interrogatory answers were Confidential Information appears.

PROTECTIVE ORDER -- 4

d. In the case of deposition, trial or hearing testimony, the Party shall inform the court reporter on the record at such hearing or deposition that it is designating a certain portion of the record as Confidential Information and request that the court reporter place the legend "Confidential Pursuant to Court Order" on the first page of any transcript that is prepared. In the case of testimony pursuant to a deposition or a court hearing, a Party may also designate a portion of the record as Confidential Information by notifying counsel for the other Party of such intention within 7 days of receipt of the final transcript of the deposition or hearing. The Parties in possession of such transcripts at the time of notice shall designate all copies of the transcripts as indicated above. All transcripts obtained in this action shall be deemed Confidential Information until the expiration of 7 days after the receipt of the final transcript. All notes, abstracts or summaries of any testimony designated as Confidential Information shall be deemed Confidential Information without further action of the designating Party and shall be marked by the Party in possession accordingly. If requested by the Party designating information as Confidential, only persons who are permitted access to Confidential Information under this Protective Order shall be permitted in the deposition room when such information is discussed or disclosed.

e. To the extent that a recipient of produced documents believes that they contain the recipient's Confidential Information, the recipient will stamp

the documents in accordance with the procedures set forth herein, provide a copy of the stamped documents to the other parties. The other Parties shall then replace the non-designated documents with the copies designated as Confidential Information.

4. If a Party inadvertently produces documents or information that the Party believes to be Confidential Information, but which was not properly designated as Confidential Information pursuant to this Order, the Party that inadvertently produced the Confidential Information shall promptly notify the receiving Parties of the mistake and promptly reproduce the Confidential Information with proper designation. Once notified, the receiving Parties shall treat such information as Confidential Information pursuant to this Order and destroy all previously produced copies to the producing party once replacement copies are produced. Inadvertent disclosure shall not be deemed a waiver of a Party's claim that material is Confidential Information under this Order. Disclosure of any information or documents before a Party receives notice of inadvertent production of such information or documents shall not be a violation of this Order.

5. A Party designating material as Confidential Information may at any time withdraw the designation or consent to the disclosure and or use of such material.

PROTECTIVE ORDER -- 6

6. If a Party files any document under seal which have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" or that contain Confidential Information derived from such documents or papers (such as expert reports or a memorandum of law referring to such information), all other Parties may challenge the designation and filing under seal upon motion to the Court.

7. Confidential Information shall be used only for the purpose of preparing for and conducting pretrial, trial and appellate proceedings in the pending or other litigation between the Parties relating to the facts and circumstances set out in the Complaint and may be disclosed only to the following:

    a. Counsel of record involved in the preparation and trial of this litigation, including any necessary support personnel under the control of such persons;

    b. any independent experts retained by counsel for the purpose of consulting and/or testifying in this action and associates, assistants, and other personnel employed directly by such experts;

    c. any Party, including affiliated or parent corporations and any of their directors, officers or those employees requested by counsel for such Party to assist in this action;

    d. the Court, Court personnel and any certified court reporter transcribing any testimony; and

PROTECTIVE ORDER -- 7

    e. any other persons the Parties agree to in writing or as recorded in a transcript, as for example, in the case of a witness to be shown protected materials in a deposition covered or in preparing a non-party witness for deposition.

  8. Persons identified in subparagraph b above shall not review any Confidential Information until he or she has been provided with a copy of this Order and has executed an Agreement of Confidentiality in the form attached as Exhibit A. Persons identified in subparagraph c above are not required to execute an Agreement of Confidentiality but shall be advised of the restrictions of this Order and shall be admonished by counsel not to circumvent those restrictions.

  9. Information or documents designated as "Confidential – Attorneys' Eyes Only" shall be kept at all times in the possession of counsel requesting production and shall be disclosed only to the persons identified in paragraph 8 a above. Such information or documents shall not be directly or indirectly shared, disclosed or divulged to persons identified in paragraph 8 c except on such terms agreed to in advance by the Parties.

  10. The Parties shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Information, which when not in use shall be stored so as to be inaccessible to persons not authorized to receive such Confidential Information.

PROTECTIVE ORDER -- 8

11. Notwithstanding anything to the contrary in this Order, a Party may use the services of a public photocopying, printing, binding or computer input service with regard to Confidential Information, provided such service is advised of the confidential nature of the Confidential Information and asked to maintain its confidentiality.

12. In the event that a Party objects to the designation of material as Confidential Information under this Order by a producing entity, the Parties shall consult in an effort to resolve the objection. If the Parties are unable to reach an accord, the Party seeking confidentiality may apply to the Court by motion for an order permitting designation of the material or information as Confidential. If such a motion is made, the information shall remain confidential during the pendency of such motion and until further order of Court. A Party shall not be obligated to challenge the propriety of designation of material as Confidential Information at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto.

13. This Order shall not restrict the disclosure of Confidential Information by counsel for a Party during the course of a trial or other evidentiary hearing in this action. Counsel intending to disclose Confidential Information during such trial or other evidentiary hearing shall notify opposing counsel by designation in the final pretrial order or similar writing in the case of an evidentiary hearing of the

PROTECTIVE ORDER -- 9

intent to disclose Confidential Information and opposing counsel may request an appropriate protective order from the Court. The disclosure of such Confidential Information during such trial or other evidentiary hearing in this action, whether or not objected to by opposing counsel, shall not be deemed a waiver of the restrictions of this Order with respect to such information.

14. The restrictions on the disclosure and use of Confidential Information as set forth in this Order are in addition to any restrictions on the discovery, disclosure or use of any documents or information that may otherwise be applicable, including but not limited to restrictions based on attorney-client privilege, attorney work-product protection and evidentiary objections. The failure of a Party to designate a document or paper as Confidential Information (or that Party's withdrawal of such designation) shall not in and of itself constitute a waiver of any applicable limitation on the discovery, disclosure or use of any such document or paper.

15. Within 30 days after entry of final judgment from which no appeal is taken or receipt of a mandate from the Court of Appeals affirming any such judgment or finally disposing of this or other litigation between the Parties relating to facts and circumstances set out in the Complaint, all documents and papers designated as Confidential Information or containing Confidential Information derived from such documents or papers shall be either destroyed or returned to

counsel for the designating Party. An original copy of attorney-work product and pleadings containing Confidential Information may be retained by the attorney, but shall remain subject to this Order. Upon written request of counsel for a Party, counsel for the other Party shall send written notice of compliance with this Paragraph within 7 days.

16. If a Party in possession of material designated as Confidential Information by another Party receives a subpoena or other request seeking production or disclosure of such material, that Party shall immediately give written notice to counsel for the Party that designated the material as Confidential Information, stating the identity of the person or entity seeking production or disclosure of such material, the nature and type of material designated as Confidential Information sought, and the date and time proposed for production or other disclosure of such material. Any Party objecting to the production or other disclosure shall have the obligation to take timely action in the appropriate court or courts.

17. This Order shall remain in force and effect until modified by further order of this Court. This Order shall continue in full force and effect after the final

conclusion of this action, and this Court shall retain jurisdiction for the purpose of enforcing its terms.

DATED this 18 day of July, 2006.

_____
HONORABLE LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

Presented by and Agreed to:

WINSTON & CASHATT

_____
Meriwether D. (Mike) Williams
WSBA No. 8255
Michael D. Wexler, ISB No. 06207847
Raymond J. Kelly, ISB No. 1437712
SEYFARTH SHAW LLP

Attorneys for Plaintiff


Agreed to, Approved and Notice of Presentment Waived:

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

_____
Ross P. White, WSBA No. 12136
Richard L. Mount, WSBA No. 16096

Attorneys for Defendant Walter Buyea

PROTECTIVE ORDER -- 12

# EXHIBIT A

## Agreement of Confidentiality

The undersigned hereby acknowledged that he/she has reviewed the Protective Order (the "Order") dated _____, 2006 and entered in the United States District Court for the Eastern District of Washington in the action entitled *Pitney Bowes Inc. v. Walter Buyea,* Case No. CV-06-167-LRS that he/she understands the terms thereof, and that he/she agrees to be bound by such terms. The undersigned hereby acknowledges that the United States District Court for the Eastern District of Washington has subject matter jurisdiction over any matters concerning the Order including, but not limited to, disputes, enforcement and violations of the Order. The undersigned submits to personal jurisdiction of the United States District Court for the Eastern District of Washington with respect to any and all matters concerning the Order.

_____          _____
              Signature                                                   Date

PROTECTIVE ORDER -- 13